1
2
3
4
5
6                                                              ***E-FILED - 5/7/08***
7
8
9               IN THE UNITED STATES DISTRICT COURT
10              FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
12  ELWIN K. LAY III,                )   No. C 08-0965 RMW (PR)
                                     )
13           Petitioner,              )   ORDER TO SHOW CAUSE;
                                     )   GRANTING LEAVE TO
14      vs.                          )   PROCEED IN FORMA
                                     )   PAUPERIS
15  B. CURRY, Warden,                )
                                     )
16           Respondent.              )   (Docket No. 3)
                                     )

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the Governor of California ("Governor") to deny him parole. Petitioner's application to proceed in forma pauperis (docket no. 3) is GRANTED. The court orders respondent to show cause why the petition should not be granted.

**STATEMENT**

In 1987, petitioner was sentenced to a term of 15 years-to-life in state prison after his conviction for second degree murder in Sacramento County Superior Court. At his parole suitability hearing in 2006, the California Board of Parole Hearings found petitioner to be suitable for parole. However, on March 22, 2207, the Governor reversed the Board's decision and denied parole. Petitioner challenged the Governor's decision

unsuccessfully in habeas petitions filed in all three levels of the California courts. Petitioner thereafter filed the instant petition.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  Petitioner's Claims

As grounds for federal habeas relief, petitioner claims that the Board's decision violates petitioner's right to due process because there is not "some evidence" that petitioner poses a risk of danger to society insofar as the Board relied upon the predictive value of petitioner's commitment offense. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1.  The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2.  Respondent shall file with the court and serve on petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state parole record that have been transcribed previously and that are

1   relevant to a determination of the issues presented by the petition.

2       If petitioner wishes to respond to the answer, he shall do so by filing a traverse
3   with the court and serving it on respondent within **thirty days** of his receipt of the
4   answer.

5       3.   Respondent may file a motion to dismiss on procedural grounds in lieu of
6   an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
7   Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file
8   with the court and serve on respondent an opposition or statement of non-opposition
9   within **thirty days** of receipt of the motion, and respondent shall file with the court and
10  serve on petitioner a reply within **fifteen days** of receipt of any opposition.

11      4.   It is petitioner's responsibility to prosecute this case. Petitioner is reminded
12  that all communications with the court must be served on respondent by mailing a true
13  copy of the document to respondent's counsel. Petitioner must keep the court and all
14  parties informed of any change of address by filing a separate paper captioned "Notice of
15  Change of Address." He must comply with the court's orders in a timely fashion. Failure
16  to do so may result in the dismissal of this action for failure to prosecute pursuant to
17  Federal Rule of Civil Procedure 41(b).

18      This order terminates docket no. 3.

19      IT IS SO ORDERED.

20  DATED:   5/5/08

    *Ronald M Whyte*
21      RONALD M. WHYTE
    United States District Judge