EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
JESSICA N. BLONIEN
Supervising Deputy Attorney General
BRIAN C. KINNEY, State Bar No. 245344
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5255
 Fax: (415) 703-5843
 Email: Brian.Kinney@doj.ca.gov

Attorneys for Respondent Ben Curry, Warden at
the Correctional Training Facility

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Elwin K. Lay III,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>Ben Curry, Warden,<br><br>　　　　　　Respondent. | C08-0965 RMW<br><br>**RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN *HAYWARD***<br><br>Judge: The Honorable Ronald M. Whyte |

**INTRODUCTION**

Petitioner Elwin K. Lay III filed a Petition for Writ of Habeas Corpus contending that Governor Arnold Schwarzenegger's 2007 decision denying him parole violated his due process rights. The Court ordered a response to the Petition. On May 16, 2008, the Ninth Circuit granted en banc review in *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008). Oral argument in *Hayward* occurred on June 24, 2008. *Id.* The en banc court in *Hayward* may decide whether this Court has jurisdiction over this case, and the appropriate standard to be applied if there is jurisdiction. Therefore, Respondent requests a stay of this case pending the issuance of the

mandate in *Hayward*.

If this request is denied, Respondent respectfully seeks twenty days from the date of the Court's denial to file a responsive pleading to the Order to Show Cause.

## ARGUMENT

### I.

**THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD* BECAUSE BOTH THE BALANCE OF THE INTERESTS AND CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR GRANTING A STAY.**

A trial court has discretion to ensure the just and efficient determination of a case by staying it pending the resolution of other proceedings where a stay would be "efficient for [the court's] docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863 (9th Cir. 1979). In determining whether to grant a stay, a court should consider the possible damage that may result, the hardship or inequity that a party may suffer, and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and questions of law, that could result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109, 1111 (9th Cir. 2005). A court should also take into account the existence of similar cases that are pending in the same district court, and the probability that more are likely to be filed. *Id.* Staying cases that are on the forefront of an issue provides a necessary delay, allowing for resolution of the issues and resulting in uniform treatment of like suits. *Id.*

As the resolution of *Hayward* could significantly impact this case and numerous similar cases and issuing a stay would prevent unfairness and serve the interests of judicial economy, the Court should therefore exercise its discretion and stay this matter pending the issuance of the mandate in *Hayward*.

    A.    **Moving Forward with This Case Before the Finality of *Hayward* Does Not Serve the Interest of Judicial Economy.**

Granting a stay in this case serves the interests of judicial order and economy. On May 16, 2008, the Ninth Circuit granted rehearing en banc in *Hayward*, 527 F.3d 797. At issue before the en banc panel in *Hayward* are two threshold issues which are necessary to the resolution of this

1 | case: 1) whether California has created a federally protected liberty interest in parole for life
2 | inmates, and 2) if a liberty interest is created, what process is due under clearly established
3 | Supreme Court authority. Resolution of these issues could establish that Petitioner does not have
4 | a federally protected liberty interest in parole, potentially allowing the Court to dismiss his
5 | claims for lack of jurisdiction without requiring briefing from the parties. Moreover, it would be
6 | wasteful to proceed in this case without the Ninth Circuit's holdings in these matters, as the
7 | parties would need to brief issues that will be decided en banc and then submit supplemental
8 | briefing to apply the law as clarified in the en banc decision. The two rounds of pleadings may
9 | unnecessarily complicate the matters raised and would impair the orderly course of justice.
10 | Waiting for the resolution of *Hayward* would thus conserve Court resources, and prevent the
11 | Court from having to revisit this matter if *Hayward* is modified or reversed.

12 |     A stay would also serve judicial order and economy by maintaining uniform treatment of
13 | like suits, as once the law is settled it can be uniformly applied. In many habeas petitions
14 | challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of
15 | the cases until the resolution of *Hayward*. *See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v.*
16 | *Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650;
17 | *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-
18 | 17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.

19 |     Granting a stay would therefore conserve judicial resources and serve the Court's interest in
20 | orderly managing these proceedings.

21 |     **B.  A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**
22 |     A stay of this case at the district level would not unfairly impose any additional or otherwise
23 | avoidable hardship on Petitioner. As discussed above, if the parties proceed in this case
24 | additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying final
25 | resolution. Also, even if this court decides this case before *Hayward*, it is likely the losing party
26 | will file an appeal, and that appeal may be delayed pending resolution of *Hayward*. (*See* Arg.
27 | I.A.)
28 | ///

Resp't's Req. for Stay

*Lay v. Curry*
C08-0965 RMW

# CONCLUSION

When the equities are balanced, the parties' interests and the interests of judicial economy support staying this case pending the final resolution of *Hayward*. Staying this case until challenges to *Hayward* are resolved and that decision becomes final promotes the orderly resolution of this matter, and will assist in maintaining uniformity of like suits pending before this Court and similar cases that will be filed in the future. Respondent therefore requests that the Court exercise its discretion to stay this matter pending issuance of the mandate in *Hayward*.

Alternatively, if the Court denies this request, Respondent respectfully requests twenty days from the date of the denial to file a responsive pleading to the Order to Show Cause.

Dated: July 7, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JESSICA N. BLONIEN
Supervising Deputy Attorney General

/S/ BRIAN C. KINNEY
BRIAN C. KINNEY
Deputy Attorney General
Attorneys for Respondent

20119642.wpd
SF2008401706

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Elwin K. Lay III v. Ben Curry, Warden**

Case No.:    **C08-0965 RMW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 7, 2008**, I served the attached

**RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN *HAYWARD***

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Elwin K. Lay, III (D-71078)
Correctional Training Facility
P.O. Box 689
BW-101L
Soledad, CA 93960
In pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 7, 2008**, at San Francisco, California.

|              R. Panganiban              |          /S/ R. Panganiban          |
| :-------------------------------------: | :---------------------------------: |
|                Declarant                |              Signature              |

20119992.wpd