

ELWIN K. LAY II, D-71078
P.O. Box 689, B-101L
Soledad, CA 93960-0689

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELWIN K. LAY II ) | Case No. C 08-0965 RMW |
| Petitioner, ) | |
| ) | OPPOSITION TO REQUEST |
| v. ) | FOR STAY PENDING THE |
| ) | OUTCOME OF HAYWARD |
| B. Curry, et al., ) | |
| Defendants ) | |

## INTRODUCTION

Petitioner, Elwin K. Lay II, received Respondent's Request For Stay Pending Issuance of the Mandate in Hayward dated July 7, 2008 on July 10, 2008. In numerous decisions, the Ninth Circuit Court of Appeals has already firmly established the liberty interest in parole of California life prisoners, and the uniform term set by the Board for Petitioner's offense has long since expired. In light of these facts, and Petitioner's advanced age and declining health, every day of delay of the relief due Petitioner constitutes irreparable damage and unnecessary hardship imposed upon him.

## ARGUMENT

I. THE COURT SHOULD NOT STAY THIS MATTER BECAUSE OF THE IRREPARABLE DAMAGE AND UNNECESSARY HARDSHIP IT WOULD INFLICT UPON PETITIONER AND AS THE ISSUES PRESENTED BY PETITIONER ARE ALREADY WELL SETTLED LAW.

1

In determining whether to grant a stay the court must balance the possibility of damage and hardship inflicted upon one party by proceeding against the damage and hardship upon the other party by delaying a ruling.

> [A party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. (Landis v. North American Co., 299 U.S. 248, 254 (1936); Lockyer v. Mirant Corp., 398 F.3d 1058, 1109-1111 (9th Cir. 2005))

Respondent has failed to show that a timely resolution of this matter will impose any damages upon them while Petitioner can show his continued incarceration imposes irreparable damage.

A. A Stay Would Impose Irreparable Damage and Unnecessary Hardship Upon Petitioner.

When the Board granted parole at the November 2, 2006 parole hearing they calculated Petitioner's uniform term at 228 months minus 72 months of post-conviction credit, arriving at a total term of 156 months, or 13 years. At that time, Petitioner had already served 20 years in prison; 7 years beyond the uniform term established by the legislature for an offense of his type. Without the Governor's unfounded intervention on March 22, 2007, Petitioner would have been released more than a year ago. Petitioner is a 63 year old hearing impaired, mobility disabled, diabetic, heart bypass patient. Therefore, every day of delay of his release constitutes damage and hardship that can never

be made up and, in light of his deteriorating health, further delay may very well result in a death sentence.

B. A Stay Does Not Serve the Interests of Judicial Economy.

The Ninth Circuit Court of Appeals has made numerous rulings affirming the liberty interest of California life Prisoner's and upholding the some evidence standard of review. (McQuillon v. Duncan, 306 F.3d, 900, 902 (9th Cir. 2002); Biggs v. Terhune, 334 F.3d 910, 913, 915 (2003); Sass v. Cal. Board of Prison Terms, 461 F.3d 1123, 1128 (2006); Irons v. Carey, 479 F.3d 658, 662 (2007)) It is highly unlikely that their ruling in Hayward will overturn or significantly modify these well established precedents. These decisions are binding on this court. (Brand X Internet Servs. v. FCC, 345 F.3d 1120, 1130 (9th Cir. 2003) reversed and remanded on other grounds sub nom., Nat'l Cable and Telecomm v. INS, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000)) Since Petitioner's issues fall squarely within these decisions, further elaboration on these issues is unnecessary for this court to issue a ruling. That Respondent may request additional briefing or appeal any decision of this court as part of a pattern of delay, as they have done by waiting until the last day of the court's 60 day deadline filed May 7, 2008, to request a stay rather than filing their due response, does not mean this court should allow the ongoing hardship of continued, unfounded incarceration to be inflicted upon Petitioner.

## CONCLUSION

In light of the well settled issues of law presented by

1  Petitioner, his time served well beyond his uniform term as set
2  by the Board, and his advanced age and declining health,
3  Respondent's request for stay pending Hayward should be denied.
4  In Petitioner's case justice delayed is truly justice denied.

7  Dated: July 15, 2008

Respectfully submitted,

Elwin K. Lay II
Petitioner in Pro Per

PROOF OF SERVICE BY MAIL
BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, Elwin K. Lay II _____, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

Elwin K. Lay II, CDCR #: D71078
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: B-101L
SOLEDAD, CA 93960-0689

On July 15, 2008, I served the attached:
OPPOSITION TO REQUEST FOR STAY PENDING THE OUTCOME OF HAYWARD

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

Edmund G. Brown
State Attorney General
P.O. Box 944255
Sacramento, CA 94244-2550

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 15, 2008.

_____
Elwin K. Lay II
Declarant

Ewin K. Lay II
D-71078
Correctional Training Facility
P.O. Box 689
BW-101L
Soledad, Cal. 93960-0689

LEGAL MAIL

Office of the Clerk, U.S. District Court
Northern District of California
280 South First Street, Room 2112
San Jose, Cal. 95113-3095

LEGAL MAIL



C/O P. Pris

7-15-08

STATE PRISON
CORRECTIONAL
TRAINING FACILITY
SOLEDAD CA 93960