*E-FILED - 3/18/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELWIN K. LAY II,<br><br>    Petitioner,<br><br>  vs.<br><br>B. CURRY, Warden,<br><br>    Respondent. | No. C 08-0965 RMW (PR)<br><br>ORDER OF DISMISSAL<br><br>(Docket No. 11) |

     Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2007 decision by the Governor of California ("Governor") reversing a 2006 Board of Prison Terms' ("BPT") decision granting him parole. However, petitioner was recently released on parole. Pending before the court is respondent's motion to dismiss this action as moot. Petitioner has not filed an opposition.

     Where a prisoner seeks release on parole and does not challenge the validity of his conviction, his habeas petition becomes moot once he is released on parole. See Fendler v. United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1988); see also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988) (a moot action is one in which the parties lack a legally cognizable interest in the outcome). The possibility of parole revocation does not present a situation which is "capable of repetition, yet evading review" to which the doctrine of mootness may not apply. Id. (citation and quotations omitted).

1  Here, petitioner claims that the governor's reversal of the BPT's 2006 grant of parole was
2  unlawful. Because petitioner has now been released on parole and does not challenge his
3  conviction, he lacks a cognizable interest in the outcome of this action. See Fendler, 846 F.2d at
4  555.
5  For the foregoing reasons, the court GRANTS respondent's motion to dismiss the
6  petition for a writ of habeas corpus as moot. The clerk shall enter judgment in favor of
7  respondent, terminate all pending motions as moot, and close the file.
8  IT IS SO ORDERED.
9  DATED:  3/16/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge